RICHARD D. W. KIFF, RESPONDENT, v. WILLIAM YOUMANS, APPELLANT.

*Excess of force used in removing a trespasser — vindictive damages allowed, if the defendant acted wantonly or maliciously — Verdict in an action for tort — when not set aside as excessive — Admissions of a party on opening his case to the jury — admissible against him on a new trial.*

Where in an action for an assault and battery, committed in removing a trespasser from the defendant's premises, a recovery is allowed for an excess of force used in effecting such removal, the jury may, if they find the defendant's acts to have been wanton and malicious, award punitive damages.

A verdict in an action for an assault and battery will not be set aside on the ground that the damages are excessive, unless it appears to be the result of prejudice or passion on the part of the jury.

Upon the trial of an action for an assault and battery a witness was allowed, against the defendant's objection and exception, to testify that the defendant, upon a former trial of the action, in opening the case to the jury in his own behalf stated, in reference to the affray, that he knew he had made himself liable. *Held*, no error.

*Adee* v. *Howe* (15 Hun, 22), distinguished.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried. The action was for an assault and battery.

The defence was that the plaintiff was trespassing on the premises of the defendant, and refused to leave upon request, and that the defendant thereupon attempted to remove him therefrom, using no more force than was necessary to effect that object.

*W. Youmans* and *W. H. Johnson*, for the appellant.

*Wm. Gleason*, for the respondent.

LEARNED, P. J.:

The first point urged by the appellant is as to the exclusion of the defendant's offer to show what he said to the plaintiff in 1875 in reference to the privilege of tapping his pipe. The evidence was offered to bear on the question of want of malice in the assault, but we cannot see that it had anything to do with that subject. Whether the defendant offered or refused such a privilege in 1875 would not show anything as to the nature of the assault committed at some other time.

The next objection is, that a witness was permitted to testify that the defendant, upon a former trial of this case, on opening the case to the jury, in his own behalf, said, in reference to the affray, that he knew he had made himself liable. The defendant relies on the case of *Adee* v. *Howe* (22 Sup. Ct., N. Y., 22). In that case an admission made by counsel was held not to be competent against his client. But the present is a different case. Here the statement was made by the defendant himself, and there seems to be nothing to take it out of the general rule that admissions of parties are evidence against them. The admission was voluntary and was the act of the party himself.

Another objection is to certain evidence given as to the plain-

tiff's finding a stone in the pipe. This evidence was not objected to when given. Nothing subsequently occurred which made the evidence any more objectionable than it was when it was given. The defendant, by not objecting when the evidence was given, waived objection. Nor are we confident that the objection would have been tenable if taken in due season.

Again, the defendant insists that the verdict was excessive. While the General Term has a right to review the motion for a new trial upon this ground, it must be admitted that the judge who tried the case is better qualified to form a correct opinion. All witnesses look alike on paper. The question as to who should be believed, in case of conflicting evidence, is better decided by the jury and by the judge who presided at the trial.

In the present case the judge was of the opinion that a verdict of a less amount would have done better justice. But he did not think it proper to set the verdict aside as excessive. As long as the system of jury trials is maintained, the courts should only interfere in cases where the verdict shows prejudice or passion, or the like. We cannot say that this is such a case.

The remaining question relates to the charge, that where the defendant's acts were wanton or malicious, the jury might award punitive damages.

The defendant insists first, that punitive damages should never be given. The contrary is settled in this State. (*Caldwell* v. *N. J. Steam Co.*, 47 N. Y., 282; *Cook* v. *Ellis*, 6 Hill, 466, and numerous other cases.)

But secondly, the defendant insists that such damages are never allowed in an action for assault and battery, committed in removing a trespasser from the defendant's premises, where there is a recovery for any excess of force used in accomplishing the act. Undoubtedly the circumstance that the assault was committed in removing a trespasser might go far to relieve the defendant from liability to punitive damages. It should, undoubtedly, be taken into account, in considering whether the defendant was acting maliciously. But it is very plain that the owner of the land, when removing a trespasser therefrom, might take the opportunity, under pretence of right, to inflict a wanton, outrageous and malicious assault.

We see no reason why the owner of premises might not commit a malicious assault upon a trespasser while in the act of removing him from the premises. The mere use of excessive force would probably not be proof of malice. But we cannot say that, in no such case, could malice be shown. The court charged that, when the jury found the acts were wanton and malicious, they might give punitive damages. Thus there were two questions for the jury : the one, was the force used excessive ; the other, if the force used was excessive, then further was the assault wanton and malicious. In the latter case only were the jury permitted to give punitive damages. We see nothing in any of the cases cited by the defendant in this State which is in conflict with the view above expressed.

The judgment and order are affirmed, with costs.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment and order affirmed, with costs.